EVALINA D. WHITTHORNE and others *v*. ST. LOUIS MUTUAL LIFE INSURANCE COMPANY and others.

### April Term, 1876

PLEA—MUST STATE FACTS—AND IF ANOMALOUS, MUST BE ACCOMPANIED WITH AN ANSWER.—A plea in equity must state facts, not conclusions; and, if it rely on matter in the bill, must, in addition to the averment of such matter, negative the material facts stated in avoidance, and be accompanied by an answer giving the discovery to which the complainant may be entitled in regard to those material facts.

*M. M. Brien, Jr.*, for complainants.
*R. McP. Smith*, for defendants.

THE CHANCELLOR: — This case has been set down for hearing upon the sufficiency of the defendants' plea.

The bill is filed by the wife and children of one Andrew J. Whitthorne, now deceased, upon a policy of insurance on the life of the said Andrew J., for the benefit of his wife and children. The policy bears date May 11, 1869, and is for the payment of $5,000 on the death of the insured, in consideration of an annual premium of $112.08, payable in an annual premium-note of $36, and a quarter-annual cash premium of $19.02 on the 11th day of May, August, November, and February. The third condition of this policy is in these words : "That in case any premium due upon this policy, or any note given for part of the premium, shall not be paid at the day when payable, the policy

shall thereupon become forfeited and void, except to the following extent: the net value of the policy on that day shall be ascertained, according to the 'combined experience' or 'actuaries' rate of mortality, with interest at the rate of four per cent per annum, from which value shall be deducted whatever is due to the company, including any unpaid premium-notes, with interest at six per cent per annum thereon; the remaining value shall be considered a premium for temporary insurance, and the term for which it will insure shall be determined according to the age of the insured when said unpaid premium became payable upon the aforesaid assumption of mortality and rate of interest; and during said time, and no longer, this policy shall continue in force, provided no other cause of forfeiture exists."

The bill alleges that the assured paid and continued to pay the quarter-annual premiums, and to give his notes, as required by the terms of the policy, up to May 11, 1870; that on that day the note portion of the premiums outstanding was $36, but on January 1, 1870, a dividend of $10.29 was declared by the company to him, and allowed as a credit on his note, leaving a balance of $25.71; that he thereupon, on the said 11th of May, 1870, gave his note at twelve months for $61.71, being this balance and the annual premium of $36, and paid in advance $3.70, the interest on this sum to the maturity of the note, and paid the quarter-premium of $19.02, and continued to pay the quarter-premiums up to February 11, 1871, taking receipts; that the said Andrew J. died on September 7, 1871.

The bill then avers that the insurance company claims that the policy was forfeited, under the third condition above quoted, for the failure to pay the quarter-premium due on February 11, 1871; that the company further claims that the net value of the policy on that day, ascertained as prescribed by said third condition, was $99.86, and that it was entitled to deduct from this amount the

quarter-premium of $19.02, then due, and the note of $61.71, due May 11, 1871, which would leave $19.13; that the term for which this remaining value, considered as a premium for temporary insurance, would insure, under the terms of the third condition, was 173 days from the said 11th of February, 1871, and expired on August 3, 1871, and before the death of the assured.

The bill, without conceding that the value of the policy on February 11, 1871, was properly estimated, insists that the whole valuation, less only the quarter-premium then due, should be considered as the premium for temporary insurance, and would have continued the policy in force beyond the date of the death of the assured; that the note of $61.71, not being due until May 11, 1871, should not be deducted from the value of the policy, but only from the amount due upon the policy in the contingency which has happened.

The bill also contains the following charge: " Complainants aver that the St. Louis Mutual Life Insurance Company, on the 1st of January, 1871, declared a dividend, and on that day the assured was entitled to a dividend in an amount equal to what was allowed him on the 1st of January, 1870, $10.29, and that the actuary (of said company), in estimating the value of the policy on the 11th of February, 1871, did not give the assured credit for this dividend."

The bill, it will be seen, sets out the contract between the company and the assured, concedes the forfeiture according to the limitations of the third condition, and that the rights of the parties must turn upon the length of time for which the policy would remain in force as a temporary insurance. It insists that the value of the policy, even as ascertained by the company, would, if not reduced by the improper deduction of the note not then due, or if increased by the dividend declared in January, 1871, have kept the policy alive until after the death of the assured.

The plea of the defendant, which is to the whole bill,

simply recites the third proviso or condition of the policy, as above quoted, that the quarter-premium due February 11, 1871, was not paid; that the net value of the policy on that day was ascertained according to the terms of the proviso, from which was deducted what was due the company, including unpaid premium-notes, and the remaining value was considered a premium for temporary insurance according to the age of the assured, etc., and the term of said temporary insurance expired before the death of the assured.

The plea is, in substance, a reiteration of matter set out in the bill, — namely, the condition, the failure to pay the quarter-premium, the extension of the policy for a term to be ascertained in the mode prescribed, and the averment that the term expired in the lifetime of the assured.

Such a plea, being of matter already in the bill, is what is called a plea not pure, or anomalous. A plea of this character must, in addition to the averment of the matter relied on in defence, negative those facts stated in the bill for the purpose of avoiding the matter relied on, which are material to the complainant's rights, and must be accompanied by an answer, giving the discovery to which the complainant is entitled in regard to these material facts. Story's Eq. Pl. 670, 671, 678. The material facts upon which the bill relies to avoid the matters of the plea are that the interest on the note for $61.71 was paid up to May 11, 1871, and did not mature until that date, and was not due on February 11, 1871; and that the assured was entitled on this latter date to a dividend of $10.29, declared in January, 1871, which should have been deducted from the quarter-premium note then due. It is obvious that a plea which does not meet these facts fails to meet the equity of the bill.

The plea is fatally defective for another reason. It merely states that the net value of the policy on February 11, 1871, was ascertained, without showing how it was

ascertained, nor the value as ascertained; that what was due the company was deducted, without showing the amount of the deduction, or its character; that the term of the temporary insurance expired in the lifetime of the assured, without showing what the term was. The plea consists of conclusions, not facts, and the complainant could not know what case he has to meet. *Hardman* v. *Ellames*, 5 Sim. 640; *s. c.*, 2 Myl. & K. 732. The defendant should state facts and leave the court to draw conclusions. *Jerrard* v. *Saunders*, 2 Ves. jr. 187.

The plea must be overruled.